IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Yahya Muqit,<br><br>Plaintiff,<br><br>v.<br><br>Frank Miller; Shadaya Jackson,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No. 0:25-13207-TMC-PJG<br><br><br><br>**ORDER** |

This is a civil action filed by a self-represented state prisoner.[1] Therefore, if a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PAYMENT OF THE FILING FEE:**

**By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.** See 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. See 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), permits a prisoner to file a civil action without prepayment of fees or security, **but requires the prisoner "to pay the full amount of the filing fee" as funds are available.** See 28 U.S.C. § 1915(a), (b). As the court previously granted Plaintiff permission to proceed *in forma pauperis*, (ECF No. 22), the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.

**TO DEFENDANTS**:

Defendants are directed to file an answer to the Second Amended Complaint or otherwise plead accordingly.

[1] On March 9, 2026, the court appointed Adair Boroughs and the Federal Civil Practice Clinic at the University of South Carolina Joseph F. Rice School of Law as *pro bono* counsel for Plaintiff for the limited purpose of assisting with filing a proper motion and proposed amended complaint. (ECF No. 25.) As the limited purpose of the appointment has now been served, the limited representation has been terminated and Plaintiff is once again proceeding *pro se*.

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to issue the summons (ECF No. 36) and to forward copies of this order, the summons, the Second Amended Complaint (ECF No. 38), and the Forms USM-285 (ECF No. 36-1) to the United States Marshal for service of process on the defendants. The Clerk of Court shall calculate the 90-day period for service of process under Rule 4(m) from the date on which the summonses are issued. Robinson v. Clipse, 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling during initial review). A copy of this order must be provided to the United States Marshal.

**TO THE UNITED STATES MARSHAL**:

The United States Marshal shall serve the above referenced documents on the defendants. The time limit to accomplish service is governed by Rule 4(m) of the Federal Rules of Civil Procedure. The 90-day limit established by Rule 4(m) will not run during the initial review of this case. Therefore, the 90 days begins on the date on which the summonses are issued.

The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995)). If the information provided by Plaintiff on the Form USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO PLAINTIFF**:

Plaintiff must provide, and is responsible for, information sufficient to identify the defendant on the Form USM-285. The United States Marshal cannot serve an inadequately identified defendant. **Unserved defendants may be dismissed as parties to this case if not served within the time limit governed by Rule 4(m) and this order.**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a respondent represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to the respondent's attorney making an appearance in this court, Plaintiff must serve the respondent with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

Plaintiff must place the civil action number listed above (C/A No. 0:25-13207-TMC-PJG) on any document provided to the court pursuant to this order. **Any future filings in this case must be sent to the address below: (901 Richland Street, Columbia, South Carolina 29201).** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall **not** use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use

letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only, and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Therefore, Plaintiff must comply with the following:

**If your mailing address changes**, **you must notify the Clerk of Court** **in writing** **(901 Richland Street, Columbia, South Carolina 29201) and provide the court with your new address**. This assures that you will receive orders or other matters that specify deadlines for you to meet. If you miss a deadline because of your failure to notify the court that your address changed, **your case may be dismissed,** and your failure to notify the court will not be excused.

**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 8, 2026
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

## IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

## WARNING TO *PRO SE* PARTY OR NONPARTY FILERS

All documents that you file with the court will be available to the public on the internet through PACER (Public Access to Court Electronic Records) and the court's Electronic Case Filing System. **CERTAIN PERSONAL IDENTIFYING INFORMATION SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS BEFORE YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Federal Rule of Civil Procedure 5.2 provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to **all** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer Identification Numbers.** If an individual's Social Security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information—such as driver's license numbers and alien registration numbers—may be sought under Rule 5.2(d) (Filings Made Under Seal) and (e) (Protective Orders).